■ SAM GROSSMAN et al., Appellants, v MEREDITH D. SPECTOR et al., Respondents. [853 NYS2d 154]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 7, 2007, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

On June 20, 2004 a vehicle operated by the defendant Meredith D. Spector (hereinafter Meredith) and owned by the defendant Jessica A. Spector collided with a vehicle operated by the plaintiff Sam Grossman and owned by the plaintiff Esther Grossman at the intersection of Avenue J and Ocean Parkway in Brooklyn. At the time of the accident, the Spector vehicle was traveling northbound in the service lane of Ocean Parkway, which was governed by a stop sign, while the Grossman vehicle was traveling westbound along Avenue J, which was governed by a traffic signal. The plaintiffs allege—and the defendants do not dispute—that at the time of the accident, the traffic light

governing traffic on Avenue J was green and therefore the Grossman vehicle had the right of way.

On the facts presented, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the negligence of Meredith, who either failed to stop at a stop sign or, upon stopping, failed to yield the right of way to the plaintiffs' vehicle, was the sole proximate cause of the accident (see Odumbo v Perera, 27 AD3d 709 [2006]; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]).

In opposition, Meredith submitted an affidavit in which she averred that the Grossman vehicle was traveling at a speed of "at least forty (40) miles per hour at impact." However, this estimate is plainly speculative given Meredith's earlier deposition testimony that she did not observe the Grossman vehicle until it was "[a]bout a foot" from her vehicle, and could only "guess" at its speed (see Meliarenne v Prisco, 9 AD3d 353 [2004]).

Accordingly, the plaintiffs' motion for summary judgment on the issue of liability should have been granted. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.