■ SANDRA L. ARAUJO KAPLAN et al., Respondents, v COUNTY OF NASSAU et al., Appellants, and GLORY E. UPKE, Respondent. [875 NYS2d 214]—

In a consolidated action, inter alia, to recover damages for personal injuries, etc., the defendants County of Nassau, Metropolitan Suburban Bus Authority, and William Malloy appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered December 6, 2006, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs to the plaintiffs-respondents.

This case stems from an accident involving multiple vehicles and two pedestrians at the intersection of Jackson Street and Washington Street in Hempstead, which was governed by traffic light signals. The decedent and her son allegedly were crossing Jackson Street in an easterly direction when they were struck by a vehicle operated by the defendant Glory E. Upke, after that vehicle came into contact with a bus operated by the defendant William Malloy and owned by the defendant Metropolitan Suburban Bus Authority. Prior to the accident, the bus was traveling in a westerly direction on Jackson Street, and the Upke vehicle was traveling in a northerly direction on Washington Street. Malloy and Upke provided conflicting deposition

testimony as to the facts surrounding the accident, including who had the right-of-way and the speed at which the vehicles were moving as they approached the intersection.

The defendants County of Nassau, Metropolitan Suburban Bus Authority, and William Malloy (hereinafter collectively the municipal defendants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending, inter alia, that Upke's negligence was the sole proximate cause of the accident. The Supreme Court denied the motion and we affirm. The municipal defendants failed to submit evidence sufficient to establish, as a matter of law, that Malloy was free from negligence. Accordingly, the Supreme Court properly denied the motion (*see* Vehicle and Traffic Law § 1111; *Borukhow v Cuff*, 48 AD3d 726 [2008]; *Siegel v Sweeney*, 266 AD2d 200 [1999]).

The municipal defendants' remaining contentions are without merit. Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.