■ WILLIAM FALCONE et al., Appellants, v ALEJANDRA IBARRA et al., Respondents. [889 NYS2d 238]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Owen, J.), dated July 30, 2008, which denied their motion for summary judgment on the issue of liability with leave to renew after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On February 7, 2008 a motor vehicle operated by the defendant Alejandra Ibarra (hereinafter the defendant), and owned by the defendant Rural Opportunities, Inc., collided with a vehicle operated by the plaintiff William Falcone (hereinafter the plaintiff) at the intersection of Mountain Road and State Route 6 in Orange County. At the time of the accident, the vehicle operated by the defendant was traveling northbound on Mountain Road, which was governed by a stop sign, while the vehicle operated by the plaintiff was traveling eastbound on State Route 6, which was not governed by a stop sign. The posted speed limit on State Route 6 in the vicinity of the accident was 55 miles per hour.

On the facts presented, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the negligence of the defendant, who either failed to stop at a stop sign or, upon stopping, failed to yield the right of way to the plaintiff's vehicle, was the sole proximate cause of the accident (*see Grossman v Spector*, 48 AD3d 750 [2008]; *Odumbo v Perera*, 27 AD3d 709 [2006]). The assertions made by the defendant in her opposing affidavit that the vehicle operated by the plaintiff was traveling at an excessive rate of speed when it entered the intersection were speculative and, thus, insufficient to raise a triable issue of fact (*see Exime v Williams*, 45 AD3d 633 [2007]). Furthermore, the defendant failed to establish that additional discovery would yield any facts indicating that the plaintiff was at fault and justify denying the plaintiffs' motion (*see* CPLR 3212 [f]; *Szczotka v Adler*, 291 AD2d 444 [2002]). Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.