■ MICHAEL S. TODD, Appellant, v CHESTER S. GODEK, Respondent. (And a Related Action.) [895 NYS2d 861]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered December 11, 2008, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff, Michael S. Todd, was traveling in an easterly direction and made a left turn when his vehicle collided with a vehicle owned and operated by the defendant Chester S. Godek, which was traveling in a westerly direction. The Supreme Court granted Godek's motion for summary judgment dismissing the complaint upon finding that Todd's violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. We reverse.

A driver who has the right-of-way is entitled to anticipate that other motorists will obey traffic laws which require them to yield the right-of-way (*see* Vehicle and Traffic Law § 1141; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792 [2009]; *Moreno v Gomez*, 58 AD3d 611 [2009]; *Palomo v Pozzi*, 57 AD3d 498 [2008]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519 [2006]; *Moreback v Mesquita*, 17 AD3d 420 [2005]). Furthermore, a driver is negligent where an accident occurs because he or she has failed to see that which through proper use of his or her senses he or she should have seen (*see Laino v Lucchese*, 35 AD3d 672 [2006]; *Berner v Koegel*, 31 AD3d 591 [2006]; *Bongiovi v Hoffman*, 18 AD3d 686 [2005]; *Bolta v Lohan*, 242 AD2d 356 [1997]). A driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (*see Demant v Rochevet*, 43 AD3d 981 [2007]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]), and the issue of comparative negligence is generally a question for the jury to decide (*see Sokolovsky v Mucip, Inc.*, 32 AD3d 1011 [2006]; *Valore v McIntosh*, 8 AD3d 662 [2004]).

Here, in support of his summary judgment motion, Godek

submitted the deposition testimony of the parties, who presented conflicting testimony as to the facts surrounding the accident. Accordingly, Godek failed to establish, prima facie, that Todd's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident (*see generally Kaplan v County of Nassau*, 60 AD3d 816 [2009]; *Lopez v Beltre*, 59 AD3d 683 [2009]; *Malak v Wynder*, 56 AD3d 622 [2008]; *Gordon v Honig*, 40 AD3d 925 [2007]). In light of Godek's failure to meet his prima facie burden, we need not consider the sufficiency of Todd's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.