■ Rosario Dominguez et al., Respondents, v CCM Computers, Inc., et al., Appellants, and Carmen A. Anderson et al., Respondents. [902 NYS2d 163]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants CCM Computers, Inc., and Bertram A. Ramassar appeal from an order of the Supreme Court, Queens County (Grays, J.), entered December 22, 2008, which granted the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted against them and granted the cross motion of the defendants Carmen A. Anderson and Marcelino A. Morel for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants Carmen A. Anderson and Marcelino A. Morel which was for summary judgment dismissing the complaint insofar as asserted against those defendants is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A vehicle operated by the defendant Bertram A. Ramassar, and owned by the defendant CCM Computers, Inc. (hereinafter CCM), collided at an intersection in South Richmond Hill with a vehicle operated by the defendant Marcelino A. Morel, and owned by the defendant Carmen A. Anderson, which was transporting the plaintiffs Rosario Dominguez and Brichell

Dominguez (hereinafter together the plaintiffs). At the time of the accident, the vehicle operated by Ramassar was traveling southbound on 125th Street, which was governed by a stop sign, while the vehicle operated by Morel was traveling westbound on 97th Avenue, which was not governed by a stop sign.

On the facts presented, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants CCM and Ramassar. "[A] driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield" (*Gergis v Miccio*, 39 AD3d 468, 468 [2007]). In opposition, the defendants CCM and Ramassar failed to raise a triable issue of fact. The evidence established that Ramassar failed to yield the right-of-way even if he did stop at the stop sign (*see Grossman v Spector*, 48 AD3d 750 [2008]; *cf. McCain v Larosa*, 41 AD3d 792, 793 [2007]). A driver is required to " 'see that which through proper use of [his or her] senses [he or she] should have seen' " (*Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008], quoting *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]). The assertion made by Ramassar at his deposition that Morel was operating his vehicle at an excessive rate of speed when it entered the intersection was speculative and insufficient to raise a triable issue of fact (*see Falcone v Ibarra*, 67 AD3d 858 [2009]; *Exime v Williams*, 45 AD3d 633 [2007]; *Szczotka v Adler*, 291 AD2d 444 [2002]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against CCM and Ramassar. The Supreme Court also properly granted that branch of the cross motion of the defendants Anderson and Morel which was for summary judgment dismissing the cross claims asserted against them. Anderson and Morel established their prima facie entitlement to judgment as a matter of law by demonstrating that Morel was not negligent. In opposition, CCM and Ramassar failed to raise a triable issue of fact. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.