■ ELIZABETH A. STEINER, Respondent, v JENNA L. DINCESEN et al., Respondents, and SUNNY AUGUSTINE et al., Appellants.
[943 NYS2d 585]—

In an action to recover damages for personal injuries, the defendants Sunny Augustine and Raji Augustine appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered July 6, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was a passenger in a vehicle operated by the defendant Jenna L. Dincesen and owned by the defendant Rochelle Stein when that vehicle was involved in a two-car collision. The other vehicle involved in the collision was operated by the defendant Sunny Augustine (hereinafter Sunny) and owned by the defendant Raji Augustine (hereinafter together the Augustine defendants). The collision occurred at an intersection controlled by a traffic light.

Notwithstanding the fact that Dincesen was negligent as a matter of law for violating the Vehicle and Traffic Law (see Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]) by either failing to cautiously enter the intersection to make a right turn after stopping (see Vehicle and Traffic Law § 1111 [d] [2] [a]) or by failing to stop at the red light altogether in making her right turn (see Vehicle and Traffic Law § 1111 [d] [1]; Grossman v Spector, 48 AD3d 750, 751 [2008]), there may nevertheless be more than one proximate cause of a traffic accident (see Gause v Martinez, 91 AD3d 595 [2012]; Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008]). Further, a driver traveling with the right-of-way may be found to be comparatively negligent in causing an accident if he or she does not use reasonable care to avoid the accident (see Todd v Godek, 71 AD3d 872 [2010]; see also Cox v Nunez, 23 AD3d 427, 427-428 [2005]), as all drivers are required to " 'see that which through proper use of [his or her] senses [he or she] should have seen' " (Vainer v DiSalvo, 79 AD3d at1024, quoting Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]).

Here, in denying the Augustine defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the Supreme Court properly determined that they failed to conclusively demonstrate that Dincesen's negligence was the sole proximate cause of the

subject collision. Although the vehicle operated by Sunny had the right-of-way as it approached the intersection, and Sunny was entitled to anticipate that Dincesen would obey the traffic laws, Sunny also had a duty to use reasonable care to avoid the collision (*see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). The conflicting testimony set forth in the transcripts of Sunny's and Dincesen's depositions, as well as that contained in the plaintiff's affidavit, regarding the circumstances surrounding the accident, raised triable issues of fact as to whether Sunny contributed to the happening of the accident (*see Kaplan v County of Nassau*, 60 AD3d 816, 817 [2009]; *cf. Grossman v Spector*, 48 AD3d at 751), specifically as to when he first saw Dincesen's vehicle and whether he had adequate time to perceive and react to its entry into the intersection (*see Bonilla v Gutierrez*, 81 AD3d 581, 582 [2011]; *Cox v Weil*, 66 AD3d 634, 635 [2009]).

Accordingly, the Supreme Court properly denied the Augustine defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.