In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated May 24, 2012, which granted the plaintiffs motion for summary judgment on the issue of liability. Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
This action arises out of a motor vehicle accident that occurred at the intersection of Colonial Street and Northern Parkway in Uniondale. The traffic that was proceeding in the same direction as the plaintiffs vehicle was not controlled by any traffic control device, while the traffic that was proceeding in the same direction as the defendants’ vehicle was controlled by a stop sign. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion.
Contrary to the Supreme Court’s determination, the plaintiff failed to submit evidence sufficient to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (see Stern v Amboy Bus Co., Inc., 102 AD3d 763 [2013]; Anastasi v Terio, 84 AD3d 992, 992 [2011]; see also Graeber-Nagel v Naranjan, 101 AD3d 1078 [2012]; Myles v Blain, 81 AD3d 798 [2011]; Ostrander v Sannicandro, 80 AD3d 587, 587 [2011]; Cox v Nunez, 23 AD3d 427, 427 [2005]). The plaintiff “ha[d] the burden of establishing freedom from comparative negligence as a matter of law” (Pollack v Margolin, 84 AD3d 1341, 1342 [2011]), since there can be more than one proximate cause of an accident (see Allen v Echols, 88 AD3d 926, 926 [2011]; Bonilla v Calabria, 80 AD3d 720, 720 [2011]; Kim v Acosta, 72 AD3d 648, 648 [2010]; Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008]). Since the only statement in the plaintiffs affidavit submitted in support of his motion concerning how the accident occurred was that the defendants’ vehicle “failed to stop” at the subject stop sign, the plaintiff did not demonstrate that he was free from comparative fault with respect to the happening of the accident (see Stern v Amboy Bus Co., Inc., 102 AD3d 763 [2013]; see also Graeber-Nagel v Naranjan, 101 AD3d 1078 [2012]; Simmons v Canady, 95 AD3d 1201, 1202 [2012]; Steiner v Dincesen, 95 AD3d 877, 877 [2012]).
*690 Accordingly, the Supreme Court should have denied the plaintiffs motion for summary judgment on the issue of liability regardless of the sufficiency of the defendants’ opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In light of our determination, we need not reach the defendants’ remaining contention.
Mastro, J.E, Austin, Roman and Cohen, JJ., concur.