■ SONYA LEE, Respondent, v MOHAMMAD Z. HOSSAIN et al., Appellants, and ALVIN C. LICONA et al., Respondents. [975 NYS2d 175]—

In an action to recover damages for personal injuries, the defendants Mohammad Z. Hossain and Mohammad H. Rahman appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 3, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff-respondent.

In support of that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not liable in the happening of the accident, the appellants submitted, inter alia, various deposition transcripts of the parties. These transcripts contained conflicting testimony as to the facts surrounding the accident, including, but not limited to, the issue concerning which vehicle lawfully entered the intersection first—the plaintiff's vehicle, owned and operated by the appellants Mohammad Z. Hossain and Mohammad H. Rahman, respectively, or the vehicle owned and operated by the defendants Alvin C. Licona and Jorge A. Flores, respectively. Thus, the evidence did not establish, prima facie, that the vehicle operated by the defendant Jorge A. Flores violated Vehicle and Traffic Law § 1141, or that, if it did, such violation was the sole proximate cause of the accident (*see Gause v Martinez*, 91 AD3d 595, 597 [2012]; *Todd v Godek*, 71 AD3d 872, 873 [2010]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]). Since the appellants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the papers submitted in opposition to that branch of the motion were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Dickerson, Roman and Miller, JJ., concur.