■ CHRISTINE CALDERON-SCOTTI, Appellant, v HOWARD D. ROSENSTEIN et al., Respondents. [989 NYS2d 514]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 19, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The subject accident occurred when the plaintiff's vehicle, which was traveling eastbound on Cropsey Avenue in Brooklyn, made a left turn at 23rd Avenue and collided with a vehicle operated by the defendant Jason S. Rosenstein (hereinafter Jason) and owned by the defendant Howard D. Rosenstein. Jason had been traveling westbound on Cropsey Avenue in the right lane of the two lanes for westbound traffic. The front of Jason's vehicle struck the passenger side of the plaintiff's vehicle.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, finding that the plaintiff violated Vehicle and Traffic Law § 1141 and that such violation was the sole proximate cause of the accident.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Incle v Byrne-Lowell*, 115 AD3d 709, 709 [2014]; *Adobea v Junel*, 114 AD3d 818, 819 [2014]). Therefore, a proponent of a summary judgment motion has the burden of establishing his or her freedom from comparative negligence as a matter of law (*see Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620, 621 [2013]; *Gause v Martinez*, 91 AD3d 595, 596 [2012]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

The operator of a vehicle with the right of way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Ahern v Lanaia*, 85 AD3d 696, 696 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Loch v Garber*, 69 AD3d 814, 816 [2010]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]). However, every operator of a motor vehicle has an obligation to keep a proper lookout and to see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles, and is negligent for failure to do so (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]).

Here, in support of their motion for summary judgment, the

defendants submitted a transcript of the deposition testimony of both the plaintiff and Jason, who presented conflicting testimony as to the facts surrounding the accident. Moreover, according to the testimony of both parties, the plaintiff had already passed the median and the left lane for westbound traffic on Cropsey Avenue when the impact occurred within the right lane for westbound traffic. The submission of this evidence by the defendants failed to eliminate all triable issues of fact with respect to whether the plaintiff was already within the intersection as Jason approached and whether he should have seen the plaintiff's vehicle as it made the left turn in time to take evasive action in response. Thus, the defendants did not establish, prima facie, that the plaintiff violated Vehicle and Traffic Law § 1141 or, if so, whether such violation was the sole proximate cause of the accident (*see Lee v Hossain*, 111 AD3d 799, 799 [2013]; *Koeppel-Vulpis v Lucente*, 110 AD3d 851, 851 [2013]; *Gause v Martinez*, 91 AD3d at 597; *Todd v Godek*, 71 AD3d 872, 873 [2010]). Since the defendants did not demonstrate their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the papers submitted in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court improperly granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not address the plaintiff's remaining contentions. Dillon, J.P., Lott, Austin and Barros, JJ., concur.