JESSICA BULLOCK, Respondent, v SALVATORE G. CALABRETTA et al., Defendants, and MOHAMMAD HASSAIN et al., Appellants.
[989 NYS2d 862]—

In an action to recover damages for personal injuries, the defendants Mohammad Hassain and Summit Cab Corp. appeal from an order of the Supreme Court, Kings County (Martin, J.), dated December 7, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, Jessica Bullock, was a passenger in a vehicle owned and operated by the defendant Salvatore G. Calabretta, when that vehicle made a left turn into an intersection and collided with a taxi cab operated by the defendant Mohammad Hassain and owned by the defendant Summit Cab Corp., which was traveling in the opposite direction.

A driver who has the right-of-way is entitled to anticipate that other motorists will obey traffic laws which require them to yield the right-of-way (*see* Vehicle and Traffic Law § 1141; *Todd v Godek*, 71 AD3d 872, 872 [2010]; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]; *Palomo v Pozzi*, 57 AD3d 498, 498 [2008]). Furthermore, a driver is negligent when an accident occurs because the driver failed to see that which through proper use of the driver's senses he or she should have seen (*see Todd v Godek*, 71 AD3d at 872; *Laino v Lucchese*, 35 AD3d 672, 672 [2006]). A driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (*see Todd v Godek*, 71 AD3d at 872; *Demant v Rochevet*, 43 AD3d 981, 981 [2007]). There can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for the jury to decide (*see Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Todd v Godek*, 71 AD3d at 872).

Here, in support of their motion for summary judgment, the movants submitted transcripts of the deposition testimony of,

among others, the plaintiff, Calabretta, and Hassain, who presented conflicting testimony as to the facts surrounding the accident. Accordingly, the movants failed to establish, prima facie, that Calabretta's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident (*see Gause v Martinez*, 91 AD3d 595, 597 [2012]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Todd v Godek*, 71 AD3d at 873). In light of the movants' failure to meet their prima facie burden, the motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Demant v Rochevet*, 43 AD3d at 981). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.