■ Jose Jimenez, Appellant, v Jeffrey Batista, Respondent. [997 NYS2d 711]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), entered September 18, 2013, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries he sustained when his motor vehicle collided with the defendant's vehicle at an intersection in Queens. After issue was joined, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. In support of his motion, the plaintiff submitted an affidavit attesting that his direction of travel was not governed by any traffic control device, and that the accident occurred because the defendant "violated the stop sign" controlling his direction of travel. The plaintiff failed to state any additional circumstances regarding the collision relevant to the manner in which he was operating his own vehicle. The Supreme Court denied the motion.

There can be more than one proximate cause of an accident (*see Cox v Nunez*, 23 AD3d 427, 427 [2005]; *Gardner v Smith*, 63 AD3d 783, 783 [2009]). Indeed, a driver who has the right-of-way must exercise reasonable care and can be found to be comparatively at fault if he or she fails to use reasonable care to avoid colliding with another vehicle already in the intersection (*see Anastasi v Terio*, 84 AD3d 992 [2011]; *Wilson v Rosedom*, 82 AD3d 970 [2011]; *Todd v Godek*, 71 AD3d 872 [2010]; *Siegel v Sweeney*, 266 AD2d 200 [1999]). The issue of comparative fault is generally a question for the jury to decide (*see Berish v Vasquez*, 121 AD3d 634 [2014]; *Bullock v Calabretta*, 119 AD3d 884 [2014]; *Bonilla v Calabria*, 80 AD3d 720 [2011]). Thus, contrary to the plaintiff's contention, the proponent of a motion for summary judgment has the burden of establishing, prima facie, his or her freedom from comparative fault (*see Calderon-Scotti v Rosenstein*, 119 AD3d 722 [2014]; *Fried v Misser*, 115 AD3d 910 [2014]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

Here, the plaintiff did not demonstrate, prima facie, that he was free from comparative fault with respect to the happening of the accident (*see Regans v Baratta*, 106 AD3d 893, 894 [2013]; *Ayala v Jasons Towing, Inc.*, 105 AD3d 689, 689 [2013]; *Cox v Nunez*, 23 AD3d at 427). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, his motion was properly denied, regardless of the sufficiency of the defendant's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.