■ DAVID ARCISZEWSKI, Appellant, v T-D MANAGEMENT CORP. et al., Respondents. [999 NYS2d 834]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered October 4, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendants' motion for summary judgment dismissing the complaint is denied.

In September 2011, the plaintiff was driving a moped traveling westbound on Eliot Avenue at its intersection with 71st Street in Queens. He allegedly was injured when a vehicle operated by the defendant Joseph Masotti and owned by the defendant T-D Management Corp. (hereinafter together the defendants) suddenly made a left turn in front of him, causing their vehicles to collide and the plaintiff to fall from his moped. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.

Here, in moving for summary judgment, the defendants submitted evidence including the transcript of the deposition testimony of the plaintiff and the defendant driver, which contained conflicting accounts as to how the accident occurred. The defendants failed to establish, prima facie, that the defendant driver was not negligent in the operation of his vehicle (*see Lee v Hossain*, 111 AD3d 799 [2013]; *Gause v Martinez*, 91 AD3d 595 [2012]). Additionally, the defendants failed to establish, prima facie, that the defendant driver's alleged negligence was not a proximate cause of the accident (*see Sheehan v City of New York*, 40 NY2d 496 [1976]; *Koziol v Wright*, 26 AD3d 793 [2006]; *Chahales v Garber*, 195 AD2d 585 [1993]). In light of the defendants' failure to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.