■ FRANCINE GEZELTER, Appellant, v GIUSEPPE PECORA, Respondent. [13 NYS3d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered July 16, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff, while operating her husband's vehicle, was involved in a collision with a vehicle owned and operated by the defendant, at the intersection of 164th Street and 33rd Avenue in Queens. The plaintiff's vehicle had been traveling northbound on 164th Street, a two-way street, while the defendant's vehicle had been traveling eastbound on 33rd Avenue, which is also a two-way street. The subject intersection was controlled by a stop sign for traffic traveling on 164th Street, while vehicles traveling on 33rd Avenue were not governed by any traffic control devices.

The plaintiff commenced this action to recover damages for the injuries she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff violated Vehicle and Traffic Law § 1142 (a) by failing to yield the right-of-way to his vehicle. The Supreme Court granted the motion. We reverse.

"A defendant moving for summary judgment in a negligence

action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Rungoo v Leary*, 110 AD3d 781, 782 [2013]). " 'There can be more than one proximate cause of an accident' " (*Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008], quoting *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]).

A driver traveling with the right-of-way may be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (*see Arias v Tiao*, 123 AD3d 857 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850, 851 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]; *Todd v Godek*, 71 AD3d 872, 872 [2010]) or failed to see "what is there to be seen through the proper use of his or her senses" (*Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *see Bullock v Calabretta*, 119 AD3d 884, 885 [2014]; *Colpan v Allied Cent. Ambulette, Inc.*, 97 AD3d 776, 777 [2012]).

At the outset, contrary to the plaintiff's contention, the defendant submitted admissible evidence along with his attorney's affirmation. "[T]he failure to submit an affidavit by a person with knowledge of the facts is not necessarily fatal to a motion where . . . the moving party submits other proof, such as deposition testimony" (*Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 986 [2012]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]; *Notskas v Longwood Assoc., LLC*, 112 AD3d 599, 599-600 [2013]; *Maragos v Sakurai*, 92 AD3d 922, 923 [2012]). Here, the defendant's certified deposition transcript, although unsigned, was admissible since it was his own testimony that he was proffering in support of his motion and, in effect, he adopted it as accurate (*see Pavane v Marte*, 109 AD3d 970, 970 [2013]; *Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d at 986; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935, 936 [2012]). In addition, the transcript of the plaintiff's deposition testimony, which was unsigned, was also admissible for the purpose of the defendant's motion, since the transcript was certified by the reporter and the plaintiff did not challenge its accuracy (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936; *Zalot v Zieba*, 81 AD3d 935, 936 [2011]).

With respect to the police accident report submitted by the defendant in support of his motion, it was not certified as a

business record and thus constituted inadmissible hearsay (*see* CPLR 4518 [a]; *Hazzard v Burrowes*, 95 AD3d 829 [2012]; *Hernandez v Tepan*, 92 AD3d 721, 722 [2012]; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936), except for that portion of the report which contained a party admission by the plaintiff that she did not have a recollection of the accident (*see Jackson v Trust*, 103 AD3d 851, 852 [2013]; *Scott v Kass*, 48 AD3d 785, 786 [2008]; *Kemenyash v McGoey*, 306 AD2d 516, 516 [2003]).

With respect to the merits of the defendant's motion, the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law. While he submitted evidence that the plaintiff failed to yield the right-of-way to his vehicle in violation of Vehicle and Traffic Law § 1142 (a), his submissions in support of his motion failed to establish his freedom from fault and that the plaintiff's violation was the sole proximate cause of the accident (*see Arias v Tiao*, 123 AD3d at 857; *Berish v Vasquez*, 121 AD3d 634, 635 [2014]; *Bullock v Calabretta*, 119 AD3d at 885; *Todd v Godek*, 71 AD3d at 873). The defendant testified at his deposition that he never observed the plaintiff's vehicle prior to the happening of the accident. Moreover, he did not testify as to any evasive action he attempted to take to avoid the impact within the intersection. Further, the defendant submitted evidence that the front of his vehicle struck the center of the plaintiff's vehicle and that the plaintiff had stopped at the stop sign and looked both ways multiple times before proceeding into the intersection. Based on the defendant's submissions, he failed to eliminate all triable issues of fact as to whether he took reasonable care to avoid the collision with the plaintiff's vehicle in the intersection (*see Arias v Tiao*, 123 AD3d at 857).

Since the defendant failed to meet his prima facie burden, the Supreme Court should have denied his motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.