■ RICHARD FREY, Appellant, v RICHMOND HILL LUMBER & SUPPLY et al., Respondents. [18 NYS3d 407]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered November 12, 2014, as, upon renewal, adhered to the original determination in an order entered May 20, 2014, denying his motion for summary judgment on the issue of liability.

Ordered that the order entered November 12, 2014, is affirmed insofar as appealed from, with costs.

On November 26, 2012, the defendant Partap Singh, while operating a vehicle owned by the defendant Richmond Hill Lumber & Supply on Jamaica Avenue in Queens, made a left

turn onto 114th Street and collided with the plaintiff's vehicle on Jamaica Avenue. The plaintiff thereafter commenced this action to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability. In an order entered May 20, 2014, the Supreme Court denied the plaintiff's motion. The plaintiff moved for leave to renew his prior motion, and in an order entered November 12, 2014, the Supreme Court granted leave to renew and, upon renewal, adhered to its determination denying the motion.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jimenez v Batista*, 123 AD3d 668, 669 [2014]; *Calderon-Scotti v Rosenstein*, 119 AD3d 722, 723 [2014]). Therefore, a plaintiff moving for summary judgment has the ultimate burden of establishing his or her freedom from comparative negligence as a matter of law (*see Jimenez v Batista*, 123 AD3d at 669; *Calderon-Scotti v Rosenstein*, 119 AD3d at 723; *Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *Gause v Martinez*, 91 AD3d 595, 596 [2012]).

The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Calderon-Scotti v Rosenstein*, 119 AD3d at 723; *Kassim v Uddin*, 119 AD3d 529, 530 [2014]; *Ahern v Lanaia*, 85 AD3d 696, 696 [2011]; *Loch v Garber*, 69 AD3d 814, 816 [2010]). However, every operator of a motor vehicle has an obligation to keep a proper lookout and to see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Paris v Ferri*, 122 AD3d 814, 815 [2014]; *Reyes v Marchese*, 96 AD3d 926, 927 [2012]; *Wilson v Rosedom*, 82 AD3d 970 [2011]; *Todd v Godek*, 71 AD3d 872, 872 [2010]).

Here, in support of the motion to renew, the plaintiff submitted a transcript of Singh's deposition testimony, which failed to establish that Singh's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident and that the plaintiff's conduct did not contribute to the happening of the accident (*see Cattan v Sutton*, 120 AD3d 537 [2014]; *Calderon-Scotti v Rosenstein*, 119 AD3d at 723; *Reyes v Marchese*, 96 AD3d at 927; *Todd v Godek*, 71 AD3d at 872). In light of the plaintiff's failure to meet his prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court correctly adhered to its determination denying the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.