■ DONNA A. JONES, Appellant, v RICARDO F. PINTO, Respondent. [20 NYS3d 102]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered September 15, 2014, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On February 13, 2013, the plaintiff was operating her vehicle northbound on Merritt Road in Farmingdale near its intersection with T. Powell Boulevard. The defendant was operating his vehicle westbound on T. Powell Boulevard and making a left turn onto southbound Merritt Road when the two vehicles collided. At the subject intersection, the northbound and

southbound traffic on Merritt Road was not directed by any traffic control devices. However, westbound traffic on T. Powell Boulevard was controlled by a stop sign at the subject intersection.

The plaintiff commenced this action to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability against the defendant, contending that the defendant's negligence was the sole proximate cause of the collision. The Supreme Court denied the motion, finding that there was a triable issue of fact as to the plaintiff's comparative fault.

An operator of a motor vehicle traveling with the right-of-way has an obligation to keep a proper lookout and to see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Jimenez v Batista*, 123 AD3d 668, 668 [2014]; *Bennett v Granata*, 118 AD3d 652, 653 [2014]; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Todd v Godek*, 71 AD3d 872, 872 [2010]). Since "there can be more than one proximate cause of an accident" (*Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *see Ayala v Jasons Towing, Inc.*, 105 AD3d 689 [2013]; *Myles v Blain*, 81 AD3d 798 [2011]), a plaintiff moving for summary judgment on the issue of liability has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Smith v Omanes*, 123 AD3d 691 [2014]; *Kaur v Demata*, 123 AD3d 772 [2014]; *Jones v Vialva-Duke*, 106 AD3d 1052, 1053 [2013]; *Ayala v Jasons Towing, Inc.*, 105 AD3d at 689). The issue of comparative fault is generally a question for the trier of fact (*see Cattan v Sutton*, 120 AD3d 537 [2014]).

Here, the evidence submitted by the plaintiff failed to establish that the defendant's alleged violation of Vehicle and Traffic Law § 1142 (a) was the sole proximate cause of the accident and that the plaintiff was free from comparative fault in the happening of the accident (*see Jimenez v Batista*, 123 AD3d 668, 668 [2014]; *Cattan v Sutton*, 120 AD3d 537 [2014]; *Jones v Vialva-Duke*, 106 AD3d at 1053; *Ayala v Jasons Towing, Inc.*, 105 AD3d at 689; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). The failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.