■ DANIELLE A. HARTSUFF, Respondent, v JOSEPHINE E. MICHAELS, Appellant. [33 NYS3d 333]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered August 14, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.

On January 6, 2014, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant at the intersection of Merrick Road and Whitewood Road in Nassau County. The plaintiff's vehicle was traveling east on Merrick Road, and the defendant's vehicle, which had been traveling west on Merrick Road, made a left turn at the intersection. The plaintiff allegedly sustained personal injuries and commenced this action against the defendant. The plaintiff moved for, inter alia, summary judgment on the issue of liability, contending that the defendant's negligent operation of her vehicle was the sole proximate cause of the accident. The Supreme Court granted that motion.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jimenez v Batista*, 123 AD3d 668, 669 [2014]; *Calderon-Scotti v Rosenstein*, 119 AD3d 722, 723 [2014]). Therefore, a plaintiff moving for summary judgment has the ultimate burden of establishing his or her freedom from comparative negligence as a matter of law (*see Jimenez v Batista*, 123 AD3d at 669; *Calderon-Scotti v Rosenstein*, 119 AD3d at 723; *Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *Gause v Martinez*, 91 AD3d 595, 596 [2012]).

Here, in support of that branch of her motion which was for summary judgment on the issue of liability, the plaintiff submitted excerpts from the deposition testimony of the parties, who presented conflicting testimony as to the facts surrounding the accident. Accordingly, the plaintiff failed to establish, prima facie, that the defendant's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident and that the plaintiff's conduct did not contribute to the happening of the accident (*see Frey v Richmond Hill Lbr. & Supply*, 132 AD3d 803, 804 [2015]; *Calderon-Scotti v Rosenstein*, 119 AD3d at 724; *Lee v Hossain*, 111 AD3d 799 [2013]; *Gause v Martinez*, 91 AD3d at 597; *Todd v Godek*, 71 AD3d 872, 873 [2010]). Since the plaintiff failed to meet her prima facie burden, we need not consider the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.