■ BENJAMIN PADILLA, Appellant, v ANDRES BIEL et al., Respondents. [40 NYS3d 161]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated March 18, 2016, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a vehicle he was operating collided with a vehicle operated by the defendant Andres Biel and owned by the defendant Acura Paragon (hereinafter together the defendants) in the intersection of Broadway and 59th Street in Queens. The plaintiff had been traveling on Broadway, and no traffic control device governed traffic on Broadway at that intersection. Biel had been traveling on 59th Street, and a stop sign governed traffic on 59th Street at the intersection. The plaintiff commenced this action to recover damages for his alleged injuries, and, before discovery was completed, he moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

There can be more than one proximate cause of an accident (see *Hurst v Belomme*, 142 AD3d 642 [2016]; *Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999]). Accordingly, a plaintiff moving for summary judgment on the issue of liability in a personal injury action has the burden of establishing, prima facie, not only the defendant's negligence, but also the absence of his or her comparative fault (see *Ricciardi v Nelson*, 142 AD3d 492 [2016]; *Roberts v Zirkind*, 140 AD3d 940, 940-941 [2016]). Here, although the plaintiff demonstrated that Biel was negligent (see Vehicle and Traffic Law § 1143; *Ricciardi v Nelson*, 142 AD3d at 492), the plaintiff failed to demonstrate the absence of his own comparative fault

(*see Hartsuff v Michaels*, 139 AD3d 1005, 1006 [2016]). The plaintiff's failure to satisfy his burden required the denial of his motion without regard to the sufficiency of the evidence that the defendants submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hartsuff v Michaels*, 139 AD3d at 1006). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Eng, P.J., Balkin, Hall and Barros, JJ., concur.