■ Eleonoza A. Kanfer, Also Known as Eleonora A. Kanfer, Appellant, v Yau K. Wong et al., Respondents. [44 NYS3d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Edwards, J.), dated December 11, 2015, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

This action arises from an accident which occurred at the intersection of Avenue U and Batchelder Street in Brooklyn, when a vehicle operated by the plaintiff collided with a vehicle operated by the defendant Yin Y. Wong (hereinafter the defendant driver), and owned by the defendant Yau K. Wong. At the time of the accident, the plaintiff was traveling east on Avenue U, while the defendant driver was traveling south on Batchelder Street. It is undisputed that traffic on Batchelder Street at its intersection with Avenue U is controlled by a stop sign, and that no traffic device governs traffic proceeding east on Avenue U. Following the accident, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff subsequently moved for summary judgment on the issue of liability, alleging that the sole proximate cause of the accident was the defendant driver's negligence in failing to stop at the stop sign controlling traffic on Batchelder Street, and failing to yield the right-of-way to her vehicle. The Supreme Court denied the plaintiff's motion, and we affirm.

Although the operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127 [2016]; Stanford v Smart Pick, Inc., 134 AD3d 1096 [2015]; Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754 [2015]), the operator with the right-of-way also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Twizer v Lavi, 140 AD3d 736, 737 [2016]; Mu-Jin Chen v Cardenia, 138 AD3d at 1127-1128; Jones v Pinto, 133 AD3d 634, 635 [2015]; Jimenez v Batista, 123 AD3d 668 [2014]). Since there can be more than one proximate cause of an accident, a plaintiff moving for summary judgment on the issue of liability has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (see Mu-Jin Chen v Cardenia, 138 AD3d at 1128; Stanford v Smart Pick, Inc., 134 AD3d at 1096; Jones v Pinto, 133 AD3d at 635). The issue of comparative fault is generally a question for the trier of fact (see Cattan v Sutton, 120 AD3d 537 [2014]).

Here, the only evidence in admissible form submitted by the plaintiff in support of her motion was her own affidavit, in which she briefly alleged that the defendant driver had failed to stop at the stop sign governing traffic on Batchelder Street

and yield to traffic on Avenue U. The plaintiff's affidavit did not set forth other relevant circumstances, including the rate of speed at which she was traveling, where her vehicle was positioned when she allegedly observed the defendant driver fail to stop at the stop sign, and where her vehicle was positioned when the collision occurred. Accordingly, the plaintiff's affidavit was insufficient to establish, prima facie, that the defendant driver's alleged negligence was the sole proximate cause of the accident, and that she was free from comparative fault (see *Jones v Pinto*, 133 AD3d at 635; *Jimenez v Batista*, 123 AD3d at 668; *Regans v Baratta*, 106 AD3d 893, 894 [2013]; *Simmons v Canady*, 95 AD3d 1201, 1202-1203 [2012]). Since the plaintiff did not establish her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendants' opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.