Alatsas v Sacchetti (2018 NY Slip Op 08270)





Alatsas v Sacchetti


2018 NY Slip Op 08270


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-09554
 (Index No. 8352/15)

[*1]Nikoleta Alatsas, plaintiff-respondent, 
v
Saverino Sacchetti, et al., appellants, Stavros Alatsas, defendant-respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Julie Steiner of counsel), for appellants.
Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY (Brian J. Isaac, Brianna Walsh, and Jillian Rosen of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Saverino Sacchetti, New York City Department of Finance, and City of New York appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 7, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs to the plaintiff-respondent.
On February 27, 2015, the defendant Saverino Sacchetti was operating a vehicle owned by his employer, the defendant New York City Department of Finance, when he was involved in a collision with a vehicle operated by the defendant Stavros Alatsas (hereinafter Alatsas) in which the plaintiff was a passenger. After the accident, the plaintiff commenced this personal injury action against Alatsas, and Sacchetti, the New York City Department of Finance, and the City of New York (hereinafter collectively the City defendants), alleging negligence in, among other things, the operation of the vehicles. The City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, and the City defendants appeal.
The City defendants failed to establish their prima facie entitlement to judgment as a matter of law. While they submitted evidence that Alatsas failed to yield the right-of-way to Sacchetti, in violation of Vehicle and Traffic Law § 1141, their submissions failed to establish Sacchetti's freedom from fault and that Alatsas's failure to yield the right-of-way was the sole proximate cause of the accident (see Gezelter v Pecora, 129 AD3d 1021, 1023). Based on their submissions, which included, inter alia, the transcripts of the parties' depositions and the plaintiff's errata sheet, the City defendants failed to eliminate all triable issues of fact as to whether Sacchetti took reasonable care to avoid the collision (see Gezelter v Pecora, 129 AD3d at 1023; Cox v Nunez, 23 AD3d 427, 428) and was speeding at the time of the collision (see Lynch v Dobler Chevrolet, Inc., 49 AD3d 509, 510). Since the City defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the papers [*2]submitted in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's denial of the City defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court