Cortes v Ventura (2020 NY Slip Op 06449)





Cortes v Ventura


2020 NY Slip Op 06449


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 22032/19E Appeal No. 12368 Case No. 2020-01353 

[*1]Javier Cortes, Plaintiff-Appellant,
v
Nelson O. Ventura et al., Defendants-Respondents.


Law Office of Thomas Torto, New York (Thomas Torto of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about January 13, 2020, which denied plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defense of comparative negligence, unanimously affirmed, without costs.
The court correctly determined that there are issues of fact that preclude granting plaintiff summary judgment. Plaintiff alleges in his affidavit that his vehicle was traveling on 37th Avenue in Queens, at approximately 25 miles per hour, and was approximately one car length away from the intersection of 110th street, when defendants' truck failed to stop at a stop sign and entered the intersection causing plaintiff's vehicle to strike it. In opposition, defendants submitted the affidavit of defendant Nelson Ventura, the driver of the truck, who stated that prior to the accident he stopped the truck at the intersection, at a white stop bar, for 30 to 40 seconds. He then moved the truck ahead slowly and stopped to look left and then right for six to seven seconds and did not see any vehicle approaching. He then began to move through the intersection and made it to the far lane, having almost completed his turn, when plaintiff's vehicle suddenly and unexpectedly struck the rear of the truck. Photographs submitted in support of defendant's opposition show that the impact was to the rear of the truck.
Plaintiff has failed to eliminate triable issues of fact with respect to whether defendants' truck had the right of way when it entered the intersection, whether defendant's truck was already within the intersection when plaintiff's vehicle approached, whether plaintiff should have seen defendant's truck as it made the turn, and whether plaintiff was solely at fault for the accident (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295 [1st Dept 2008]; Calderon-Scotti v Rosenstein, 119 AD3d 722 [2d Dept 2014]).
These conflicting versions of the accident raise issues of fact precluding the grant of summary judgment (Peritore v Anna Diane Cab Corp., 127 AD3d 669 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020