Bhattarai v Louie (2023 NY Slip Op 06232)

Bhattarai v Louie

2023 NY Slip Op 06232

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-05238
 (Index No. 506375/20)

[*1]Deepak Bhattarai, appellant, 
v
Ronald Louie, et al., respondents.

Subin Associates LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih Sadrieh and Jeremy Pepper of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated June 3, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is affirmed insofar appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he alleged he sustained in 2019, when the vehicle that he was operating was struck in the rear by the defendants' vehicle. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated June 3, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Detoma v Dobson, 214 AD3d 948, 949). Although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312), the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Sapienza v Harrison, 191 AD3d 1028, 1029; Flores v Rubenstein, 175 AD3d 1490, 1491).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, his own affidavit, averring that the defendants' vehicle struck the plaintiff's stopped vehicle in the rear (see Thompson v New York City Tr. Auth., 208 AD3d 815, 817; Morgan v Flippen, 173 AD3d 735). In opposition, however, the defendants [*2]raised a triable issue of fact as to whether the defendant driver had a nonnegligent explanation for the collision (see Sokolowska v Song, 123 AD3d 1004; Fernandez v Babylon Mun. Solid Waste, 117 AD3d 678, 679). According to the defendant driver, the plaintiff's vehicle came to a sudden stop for no apparent reason in the middle of the block when there was no pedestrian or vehicular traffic in front of it. The defendants also raised triable issues of fact as to whether the reckless disregard standard should apply to this case and whether the defendant driver acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104; Kabir v County of Monroe, 16 NY3d 217, 220; Saarinen v Kerr, 84 NY2d 494, 501; Chesney v City of Yonkers, 167 AD3d 567, 568).
The plaintiff's affidavit failed to provide sufficient details to demonstrate, prima facie, that he was not comparatively at fault in causing the accident (see generally Kanfer v Wong, 145 AD3d 985; Jimenez v Batista, 123 AD3d 668, 669). Hence, the burden never shifted to the defendants to raise a triable issue of fact as to whether the plaintiff was comparatively at fault in causing the accident.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court