■ TAMESGWAR BOODLALL, Appellant, v DIANA HERRERA et al., Respondents. [933 NYS2d 886]—

A driver who has the right-of-way is entitled to anticipate that the other driver will obey traffic laws requiring them to yield to the driver with the right-of-way (*see* Vehicle and Traffic Law §§ 1143, 1173; *see Sanabria v Paduch*, 61 AD3d 839 [2009]; *Mazza v Manzella*, 49 AD3d 609 [2008]; *Yasinosky v Lenio*, 28 AD3d 652 [2006]; *Ferrara v Castro*, 283 AD2d 392 [2001]; *Palumbo v Holtzer*, 235 AD2d 409 [1997]). A driver who has the right-of-way, however, also has a duty to keep a proper lookout to avoid colliding with other vehicles (*see Bonilla v Calabria*, 80 AD3d 720 [2011]; *Pena v Santana*, 5 AD3d 649 [2004]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Gardella v Esposito Foods, Inc.*, 80 AD3d 660 [2011]).

Here, in support of the motion, the defendants submitted the deposition testimony of the parties, who presented conflicting testimony as to the facts surrounding the accident. Thus, the defendants failed to establish, prima facie, that the plaintiff's alleged negligent operation of his vehicle was the sole proximate cause of the accident (*see generally Bonilla v Calabria*, 80 AD3d 720 [2011]; *Todd v Godek*, 71 AD3d 872 [2010]). In light of the defendants' failure to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident. Skelos, J.P., Hall, Lott and Cohen, JJ., concur.