■ ALLISON KOEPPEL-VULPIS, Appellant, v MICHAEL G. LUCENTE et al., Respondents. [972 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brown, J.), entered February 3, 2012, which denied her motion for summary judgment on the issue of liability, and (2) an order of the same court entered June 5, 2012, which denied her motion for leave to renew and reargue her motion for summary judgment.

Ordered that the order entered February 3, 2012, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered June 5, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue her motion for summary judgment is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 5, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff's contention that the Supreme Court erred in denying her motion for summary judgment is without merit. A plaintiff driver is entitled to summary judgment on the issue of liability if he or she demonstrates that the sole proximate cause of the accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 in turning left directly into the path of the plaintiff's oncoming vehicle, which was lawfully present in the intersection (see *Reyes v Marchese*, 96 AD3d 926 [2012]; *Gause v Martinez*, 91 AD3d 595 [2012]). The plaintiff failed to demonstrate her prima facie entitlement to summary judgment on the issue of liability. The conflicting testimony submitted by the plaintiff regarding the circumstances surrounding the accident raised triable issues of fact as to whether the defendant Michael G. Lucente violated Vehicle and Traffic Law § 1141 and, if so, whether such violation was the sole proximate cause of the accident (see *Steiner v Dincesen*, 95 AD3d 877 [2012]; *Gause v Martinez*, 91 AD3d 595 [2012]; *Boodlall v Herrera*, 90 AD3d 590 [2011]).

The Supreme Court did not err in denying that branch of the plaintiff's motion which was for leave to renew. A motion for leave to renew shall be based, inter alia, upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]). Here, the purported new facts set forth in the plaintiff's motion were known to her at the time she made her motion for summary judgment, and she failed to demonstrate a reasonable justification for failing to submit them at that time (see *Deutsche Bank Natl. Trust Co. v Wilkins*, 97 AD3d 527 [2012]; *Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall*, 81 AD3d 649 [2011]). In any event, the purported new facts would not have changed the prior determination (see *Rose v Levine*, 98 AD3d 1015 [2012]; *Deutsche Bank Natl. Trust Co. v Wilkins*, 97 AD3d 527 [2012]), as they do not resolve the existing questions of fact. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.