— In an action, inter alla, to recover damages for breach of three promissory notes, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 20, 2012, as denied that branch of their motion which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered November 28, 2007, upon their default in appearing or answering the complaint, and (2) from an order of the same court dated December 13, 2012, which, in effect, denied their motion for leave to renew and reargue that branch of their prior motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment entered November 28, 2007.
Ordered that the order entered August 20, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that the appeal from so much of the order dated December 13, 2012, as denied that branch of the defendants’ motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated December 13, 2012, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The Supreme Court properly denied that branch of the defendants’ motion which was to vacate a judgment entered November 28, 2007, upon their default in appearing or answering the complaint. The defendants failed to come forward with any factually specific, detailed evidence to rebut the presumption of valid service created by the process server’s affidavits (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate *722 Dev., LLC, 111 AD3d 800, 800 [2013]; Loaiza v Guzman, 111 AD3d 608, 609 [2013]; Prospect Park Mgt., LLC v Beatty, 73 AD3d 885, 886 [2010]).
The Supreme Court also properly, in effect, denied that branch of the defendants’ motion which was for leave to renew that branch of their prior motion which was to vacate the judgment entered November 28, 2007. The defendants failed to demonstrate a reasonable justification for their failure to present the subject “new” evidence at the time of the prior motion (CPLR 2221 [e]; see Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019 [2013]; Koeppel-Vulpis v Lucente, 110 AD3d 851, 852 [2013]; Rose v Levine, 98 AD3d 1015, 1016 [2012]).
The defendants’ remaining contentions are without merit. Mastro, J.E, Chambers, Lott and Miller, JJ., concur.
Motion by the appellants on appeals from two orders of the Supreme Court, Westchester County, entered August 20, 2012, and dated December 13, 2012, respectively, to strike stated portions of the respondent’s brief on the ground that they refer to matter dehors the record. By decision and order on motion dated September 27, 2013, the motion was held in abeyance and was referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,
Ordered that the motion is granted and those portions of the respondent’s brief that refer to matter dehors the record are stricken and have not been considered in the determination of the appeal. Mastro, J.E, Chambers, Lott and Miller, JJ., concur.