■ DANIEL LORENTZ, Appellant, v RICHARD RUIZ, Respondent. (And a Related Action.) [11 NYS3d 246]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered June 28, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained on December 18, 2011, when his vehicle collided with a vehicle operated by the defendant at the intersection of Merrick Road and Unqua Road in Massapequa. According to the plaintiff's deposition testimony, he was traveling eastbound on Merrick Road and moved into a left turn lane so that he could turn left onto Unqua Road. The intersection was controlled by a traffic signal which turned from green to amber while his vehicle was sitting in the left turn lane, before he entered the intersection. On the opposite side of the intersection, the plaintiff saw two approaching vehicles, one behind the other, in the right lane of the westbound side of Merrick Road. The trailing vehicle was operated by the defendant. According to the plaintiff, the lead vehicle slowed down to allow the plaintiff to make the left turn, and the plaintiff began to drive into the intersection to do so. As the plaintiff entered the intersection, the defendant's vehicle, traveling "quite fast," changed lanes from the right westbound lane to the left westbound lane in order to go around the lead vehicle, and struck the plaintiff's vehicle in the intersection.

The defendant provided a completely different version of the accident at his deposition. He claimed that he had been driving

in the left lane of the westbound side of Merrick Road for approximately 1½ miles before reaching the subject intersection, and that he had not traveled in the right lane at all. The defendant testified that he was not traveling behind another vehicle and did not change lanes to go around another vehicle. In fact, he did not recall there being any other vehicles ahead of him in the westbound lanes of Merrick Road. The defendant testified that when he was approximately 200 feet from the intersection, he saw that the traffic signal was green. He also observed the plaintiff's vehicle enter the eastbound left turn lane when the defendant was approximately three car lengths from the intersection, but the plaintiff did not begin his turn until the defendant's vehicle, traveling within the speed limit of 35 miles per hour, was less than one car length from the intersection, a "split second" before the accident.

The defendant moved for summary judgment dismissing the complaint, submitting, inter alia, the foregoing deposition testimony of the parties. He contended that the plaintiff failed to yield the right-of-way at the intersection and made a sudden left turn directly into the path of the defendant's oncoming vehicle. The plaintiff opposed the motion, contending, among other things, that the parties' divergent accounts of the accident raised triable issues of fact regarding whether, and if so, to what extent, the plaintiff was responsible for the collision. The Supreme Court granted the defendant's motion. We reverse.

Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard, and an operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the traffic laws (see Kassim v Uddin, 119 AD3d 529, 530 [2014]; Ahern v Lanaia, 85 AD3d 696, 696 [2011]; Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]). However, " '[a] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection' " (Kassim v Uddin, 119 AD3d at 530, quoting Todd v Godek, 71 AD3d 872, 872 [2010]), and that driver will not be entitled to summary judgment absent a demonstration that the sole proximate cause of the accident was the other driver's violation of Vehicle and Traffic Law § 1141 in turning left directly into the path of his vehicle which was lawfully present in the intersection (see Koeppel-Vulpis v Lucente, 110 AD3d 851, 852 [2013]; Reyes v Marchese, 96 AD3d 926, 926-927 [2012]).

Contrary to the determination of the Supreme Court, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint. The parties' sharply conflicting accounts of the accident, submitted in support of the defendant's motion, raised triable issues of fact as to the manner in which the collision occurred and as to the proximate cause or causes of the accident (*see generally Bonaventura v Galpin*, 119 AD3d 625, 625 [2014]; *Koeppel-Vulpis v Lucente*, 110 AD3d at 852; *Sperling v Akesson*, 104 AD3d 840, 841 [2013]; *Steiner v Dincesen*, 95 AD3d 877, 878 [2012]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.