■ HERMAN A. STANFORD, Respondent, v SMART PICK, INC., et al., Appellants. [24 NYS3d 106]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 29, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff allegedly was injured when a motorcycle he was driving with his daughter as a passenger collided with a bus owned by the defendant Smart Pick, Inc., and operated by the defendant Christopher Savino (hereinafter the defendants' vehicle), at the intersection of Warwick Street and Glenmore Avenue in Brooklyn. The defendants' vehicle was traveling southbound on Warwick Street. Traffic on Warwick Street at the subject intersection is governed by a stop sign. The plaintiff's motorcycle was traveling westbound on Glenmore Avenue. There are no traffic control devices governing traffic on Glenmore Avenue at its intersection with Warwick Street.

The plaintiff commenced the instant action, inter alia, to recover damages for personal injuries. He thereafter moved for summary judgment on the issue of liability, contending, among other things, that the sole proximate cause of the accident was Savino's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a). The Supreme Court granted the motion. We reverse.

A driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield (see Vehicle and Traffic Law § 1142 [a]; McPherson v Chanzeb, 123 AD3d 1098, 1099 [2014]; Rodriguez v Klein, 116 AD3d 939 [2014]; Regans v Baratta, 106 AD3d 893, 894 [2013]). However, there can be more than one proximate cause of a motor vehicle accident and, thus, "a plaintiff moving for summary judgment on the issue of liability in an action alleging negligence must establish, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault" (Adams v Bruno, 124 AD3d 566, 567 [2015]). The issue of comparative fault is generally a question for the trier of fact (see Allen v Echols, 88 AD3d 926, 927 [2011]; Wilson v Rosedom, 82 AD3d 970 [2011]).

Here, the plaintiff failed to establish, prima facie, his freedom

from comparative fault (*see Cattan v Sutton*, 120 AD3d 537, 538 [2014]; *Skoczek v Delgado*, 115 AD3d 844, 845 [2014]; *Jones v Vialva-Duke*, 106 AD3d 1052, 1053 [2013]; *Stern v Amboy Bus Co., Inc.*, 102 AD3d 763 [2013]). Since the plaintiff did not establish his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.