■ JAMES BLAIR, Respondent, v DEONA COLEMAN et al., Appellants. [44 NYS3d 538]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered May 4, 2016, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 3, 2014, at the intersection of Hillside Avenue and Merrick Boulevard in Queens County, a bus owned by the defendants New York City Transit Authority and MTA Bus Company, which was operated by the defendant Deona Coleman, collided with a vehicle operated by the plaintiff. At the time of the collision, the defendants' bus was in the process of

making a left turn from Hillside Avenue onto Merrick Boulevard from a left turn only lane, and the plaintiff was going straight in the opposite direction on Hillside Avenue. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied that branch of the defendants' motion.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Estate of Cook v Gomez*, 138 AD3d 675, 676 [2016]; *Fitzsimmons v Long*, 136 AD3d 738, 738-739 [2016]). While an operator of a motor vehicle traveling with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the operator traveling with the right-of-way nevertheless has a duty to use reasonable care to avoid colliding with other vehicles (*see Twizer v Lavi*, 140 AD3d 736 [2016]; *Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1129 [2016]; *Arias v Tiao*, 123 AD3d 857, 858 [2014]).

Here, the defendants failed to eliminate all triable issues of fact, including whether Coleman contributed to the happening of the accident by failing to observe the plaintiff's vehicle as he approached the intersection (*see Regans v Baratta*, 106 AD3d 893 [2013]; *Simmons v Canady*, 95 AD3d 1201 [2012]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the complaint was properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.