■ DEVERALER MARK, JR., Respondent, et al., Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [55 NYS3d 128]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated January 22, 2016, which granted the motion of the plaintiff Deveraler Mark, Jr., for summary judgment dismissing the counterclaim asserted against him and his cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Deveraler Mark, Jr., for summary judgment dismissing the counterclaim asserted against him and his cross motion for summary judgment on the issue of liability are denied.

On October 29, 2010, at about 11:00 a.m., a vehicle operated by the plaintiff Deveraler Mark, Jr., in which the plaintiff Leslie Hopkins was a passenger, allegedly collided with a bus operated by the defendant Nicholas Reyes and owned by the defendant New York City Transit Authority at or near the intersection of Jewett Avenue and Hurst Street in Richmond County. Mark was operating his vehicle straight on Jewett Avenue, which was not governed by a traffic control device. Reyes was attempting to make a right turn from Hurst Street onto Jewett Avenue. Hurst Street, which came to an end at its intersection with Jewett Avenue, was governed by a stop sign. The left front of the bus came into contact with the left rear of Mark's vehicle. After the contact, Mark's vehicle continued to move, and it came to a stop after colliding with a utility pole on the sidewalk.

Both Mark and Hopkins allegedly sustained personal injuries as a result of the collision and commenced this action against the defendants. The defendants asserted a counterclaim against Mark for contribution. Mark moved for summary judgment dismissing the counterclaim asserted against him, contending that Reyes's failure to yield the right-of-way was the sole proximate cause of the accident. Mark also cross-moved for summary judgment on the issue of liability, contending that Reyes's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court granted the motion and cross motion.

Although the operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield (see *Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1127 [2016]; *Stanford v Smart Pick, Inc.*, 134 AD3d 1096 [2015]; *Lorentz v Ruiz*, 129 AD3d 795, 796 [2015]), the operator with the right-of-way also has an obligation to keep a proper lookout to see what can be seen

through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Blair v Coleman*, 146 AD3d 743, 744 [2017]; *Twizer v Lavi*, 140 AD3d 736, 737 [2016]; *Mu-Jin Chen v Cardenia*, 138 AD3d at 1127-1128). Since there can be more than one proximate cause of an accident, a plaintiff moving for summary judgment on the issue of liability has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Taylor v Brat Auto Sales, Ltd.*, 145 AD3d 701, 702 [2016]; *Mu-Jin Chen v Cardenia*, 138 AD3d at 1128).

Here, Mark failed to establish, prima facie, that he was not comparatively at fault in the happening of the accident. In support of his motion and cross motion, Mark submitted, inter alia, the deposition testimony of the parties, which raised triable issues of fact as to whether Mark failed to see what was there to be seen and failed to take evasive actions to avoid the collision between his vehicle and the bus (*see Blair v Coleman*, 146 AD3d at 744; *Mu-Jin Chen v Cardenia*, 138 AD3d at 1128; *Stanford v Smart Pick, Inc.*, 134 AD3d at 1096-1097). Accordingly, the Supreme Court should have denied the motion and cross motion without regard to the sufficiency of the defendants' opposition papers (*see Lorentz v Ruiz*, 129 AD3d at 796). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.