Keene v Bourjolly (2018 NY Slip Op 02169)





Keene v Bourjolly


2018 NY Slip Op 02169


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-00058
 (Index No. 8498/14)

[*1]Wendy Keene, appellant, 
v
Michelia Bourjolly, et al., respondents, et al., defendant.


Ewall & Ewall, Huntington, NY (Lisa Arden of counsel), for appellant.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 24, 2016, which granted the motion of the defendants Michelia Bourjolly and Marcelyn J. Bourjolly for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Michelia Bourjolly and Marcelyn J. Bourjolly for summary judgment dismissing the complaint insofar as asserted against them is denied.
On September 2, 2013, a two-vehicle accident occurred on 10th Avenue in Huntington Station. At the location of the accident, 10th Avenue is a two-way street with one northbound lane, one southbound lane, and a parking lane on each side of the street. There were no roadway markings painted on the surface of the street, which was wide enough to accommodate four vehicles side by side. At the time of the accident, the defendant Michelia Bourjolly was operating a vehicle allegedly owned by her and the defendant Marcelyn J. Bourjolly (hereinafter together the Bourjolly defendants), traveling north on 10th Avenue. The plaintiff was a passenger in a vehicle operated by the defendant Leon H. Ivey, Jr., which was emerging from a driveway. Ivey testified at his deposition that he intended to make a right turn into the southbound lane of 10th Avenue. The front driver's side of the Bourjolly vehicle collided with the front passenger side of Ivey's vehicle. The plaintiff allegedly sustained personal injuries from the collision and subsequently commenced this action against the Bourjolly defendants and Ivey. The Bourjolly defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Ivey's negligence was the sole proximate cause of the accident. The Supreme Court granted the motion. The plaintiff appeals.
There can be more than one proximate cause of an accident (see Twizer v Lavi, 140 AD3d 736, 737; Pollack v Margolin, 84 AD3d 1341; Cox v Nunez, 23 AD3d 427, 427). Here, the Bourjolly defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, they submitted the deposition testimony of Michelia Bourjolly, the plaintiff, and Ivey, which presented conflicting evidence as to the facts surrounding the accident. Thus, the Bourjolly defendants failed to establish, prima facie, that Michelia Bourjolly was free from fault in the happening of the accident (see Calderon-Scotti v Rosenstein, 119 AD3d 722, 724; [*2]Koeppel-Vulpis v Lucente, 110 AD3d 851, 852; Gause v Martinez, 91 AD3d 595, 597; Boodlall v Herrera, 90 AD3d 590, 591). Accordingly, the Supreme Court should have denied the Bourjolly defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court