Rivera v Town of Wappinger (2018 NY Slip Op 05953)





Rivera v Town of Wappinger


2018 NY Slip Op 05953


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-02704
 (Index No. 5665/13)

[*1]Jessica Rivera, appellant, 
v
Town of Wappinger, et al., respondents, et al., defendants.


Ronemus & Vilensky LLP (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Lia Elizabeth Fierro and Jeffrey S. Sculley of counsel), for respondent Town of Wappinger.
Burke, Conway, Loccisano & Dillon, White Plains, NY (Michelle J. Piantadosi of counsel), for respondents Healey Brothers, Inc., and Michael C. Ayers.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated January 20, 2016. The order, insofar as appealed from, granted the separate motions of the defendants Healey Brothers, Inc., and Michael C. Ayers and the defendant Town of Wappinger for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Healey Brothers, Inc., and Michael C. Ayers and the defendant Town of Wappinger for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff allegedly was injured when, at the intersection of Meadowood Lane and Old Hopewell Road in the Town of Wappinger, a vehicle she was operating collided with a vehicle owned by the defendant Healey Brothers, Inc., and operated by the defendant Michael C. Ayers (hereinafter together the driver defendants). At the time of the collision, the plaintiff was turning right from Meadowood Lane onto Old Hopewell Road, and Ayers was traveling straight on Old Hopewell Road. Meadowood Lane was controlled by a stop sign, while Old Hopewell Road had no traffic control device at that intersection. Although the plaintiff remembered very little about the accident, according to Ayers, the plaintiff did not stop at the stop sign.
The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, the driver defendants and the Town. The plaintiff alleged that the Town failed to properly maintain foliage on the corner of Meadowood Lane so as to prevent it from obscuring the stop sign on that road. The driver defendants moved, and the Town separately moved, [*2]for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiff appeals.
To demonstrate their entitlement to judgment as a matter of law, the driver defendants had the burden of establishing, prima facie, that Ayers was not at fault in the happening of the subject accident (see Gezelter v Pecora, 129 AD3d 1021, 1023; Boulos v Lerner-Harrington, 124 AD3d 709). Although the operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield, the operator with the right-of-way also has an obligation to use reasonable care to avoid an accident (see Gezelter v Pecora, 129 AD3d at 1023; see also Mark v New York City Tr. Auth., 150 AD3d 980, 981-982; Blair v Coleman, 146 AD3d 743, 744).
The driver defendants failed to eliminate triable issues of fact as to whether Ayers contributed to the happening of the accident. In particular, Ayers testified at his deposition that he was traveling 40 miles per hour as he approached the intersection, and that although nothing obstructed his view of the intersection, he did not see the plaintiff's vehicle until he was one car length from the intersection. Further, Ayers could not say whether he took any evasive action to avoid the collision. Under the circumstances, it cannot be said as a matter of law that Ayers used reasonable care to avoid the accident (see Inesta v Florio, 159 AD3d 682; Blair v Coleman, 146 AD3d at 744; Gezelter v Pecora, 129 AD3d at 1023). Since the driver defendants failed to establish their prima facie entitlement to judgment as a matter of law, their motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A municipality has a duty to maintain its roads in a reasonably safe condition, and that duty includes the trimming of trees in highway rights-of-way to assure the visibility of stop signs" (Nichols-Sisson v Windstar Airport Serv., Inc., 99 AD3d 770, 773; see D'Onofrio-Ruden v Town of Hempstead, 29 AD3d 512, 513; Finn v Town of Southampton, 289 AD2d 285, 286). No liability will attach for the breach of that duty, however, unless the municipality's failure to maintain its roads in a reasonable condition is a proximate cause of the accident (see Carlo v State of New York, 51 AD3d 618).
Contrary to the Town's contention, there is evidence in the record that the foliage which allegedly obscured the stop sign was located within the right-of-way of a Town road. Thus, the Town failed to demonstrate, prima facie, that it was Dutchess County's, not the Town's, responsibility to trim the growth of any foliage obstructing the sign.
The Town further failed to eliminate triable issues of fact as to whether any such obstruction of the stop sign was a proximate cause of the accident. "Such proximate cause may be found only where it is shown that it was the very [obstruction] of the stop sign . . . which rendered the driver[ ] unaware of the need to stop before proceeding across the intersection'" (Noller v Peralta, 94 AD3d 830, 832, quoting Applebee v State of New York, 308 NY 502, 507). Where the driver "had all the warning, all the notice of danger, that a stop sign would have afforded," there is no basis for finding that the obstruction of a sign caused the driver "to do anything other than [he or] she would have done had it been present" (Applebee v State of New York, 308 NY at 508; see Noller v Peralta, 94 AD3d at 832).
The Town failed to demonstrate, prima facie, that despite the obstructed stop sign, the plaintiff, who was lost in an unfamiliar area, "had all the warning, all the notice of danger, that a stop sign would have afforded" (Applebee v State of New York, 308 NY at 508; cf. Chang v City of New York, 142 AD3d 401; Dalzell v County of Dutchess, 258 AD2d 615; Koester v State of New York, 90 AD2d 357). In particular, the Town presented no definitive evidence of either the plaintiff's knowledge of the need to stop at the intersection, or conditions necessitating that she bring her vehicle to a complete stop prior to entering the intersection. Viewing the record evidence in the light most favorable to the plaintiff, and resolving all reasonable inferences in her favor (see Derise v Jaak 773, Inc., 127 AD3d 1011; Santiago v Joyce, 127 AD3d 954), the Town failed to eliminate issues of fact as to whether the obstruction of the stop sign contributed, to some degree, to the [*3]happening of the accident.
Accordingly, the Town's motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court