Flores v Rubenstein (2019 NY Slip Op 06747)





Flores v Rubenstein


2019 NY Slip Op 06747


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09650
 (Index No. 9705/16)

[*1]Miguel Flores, appellant, 
v
Joseph Rubenstein, respondent.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Christopher J. Soverow of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Keri Wehrheim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 13, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while riding his bicycle when he came into contact with the driver's side door of the defendant's vehicle as it was being opened by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. Thereafter, the plaintiff moved for summary judgment on the issue of liability, arguing that he "was not at fault in the happening of this accident," and that the defendant's negligence was a proximate cause of the accident. In an order entered June 13, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant[ ] breached a duty owed to the plaintiff and that the defendant['s] negligence was a proximate cause of the alleged injuries" (Montalvo v Cedeno, 170 AD3d 1166, 1167). "Although a plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability" (Poon v Nisanov, 162 AD3d 804, 808; see Rodriguez v City of New York, 31 NY3d 312, 324-325), the issue of a plaintiff's comparative negligence may be decided where, as here, "the plaintiff specifically argued the absence of comparative fault in support of his [or her] motion" (Lopez v Dobbins, 164 AD3d 776, 777).
Here, the plaintiff failed to establish, prima facie, that he was not comparatively at fault in the happening of the accident (see Mark v New York City Tr. Auth., 150 AD3d 980, 982; Villa v Leandrou, 94 AD3d 980). "A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position" (Palma v Sherman, 55 AD3d 891, 891). In support of his motion, the plaintiff submitted, inter alia, the deposition testimony of the parties, which failed to eliminate all triable [*2]issues of fact as to whether the plaintiff exercised reasonable care while riding his bicycle. Further, although the plaintiff was not required to demonstrate his freedom from comparative fault to establish his entitlement to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d at 324-325), the plaintiff failed to eliminate triable issues of fact as to whether the defendant was negligent and, if so, whether any such negligence caused or contributed to the accident (see Poon v Nisanov, 162 AD3d at 808). Since the plaintiff failed to meet his prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court