Wilson v New York City Tr. Auth. (2023 NY Slip Op 04795)

Wilson v New York City Tr. Auth.

2023 NY Slip Op 04795

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2022-03066
 (Index No. 707037/19)

[*1]Archibald Wilson, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendant.

Levy and Borukh, PLLC (Wiese & Aydiner, PLLC, Mineola, NY [Si Aydiner], of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated March 30, 2022. The order granted the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Wayne Valentine for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and, in effect, denied the plaintiff's cross-motion for summary judgment on the issue of liability insofar as asserted against the defendants New York City Transit Authority and Wayne Valentine.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Wayne Valentine which was for summary judgment dismissing all cross-claims insofar as asserted against them is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Wayne Valentine which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2019, the plaintiff commenced this action to recover damages for personal injuries against the New York City Transit Authority (hereinafter NYCTA), the Metropolitan Transportation Authority (hereinafter MTA), Wayne Valentine, and Sandradene Fearon, among others. The plaintiff alleged that he was injured while he was a passenger on a bus owned by the NYCTA and operated by Valentine as a result of a collision between the bus as it was pulling away from a bus stop near the intersection of Albany Avenue and Winthrop Street, and a vehicle operated by Fearon, which was attempting to make a right turn from Albany Avenue onto Winthrop Street. [*2]In an order dated June 29, 2021, the Supreme Court granted the plaintiff's motion, in effect, for summary judgment determining that the plaintiff was not at fault in the happening of the accident. On or about July 26, 2021, the NYCTA, MTA, and Valentine (hereinafter collectively the Transit defendants) moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. On or about July 30, 2021, the plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against the NYCTA and Valentine. In an order dated March 30, 2022, the court, in effect, denied the plaintiff's cross-motion, determining that the plaintiff improperly made a successive motion for summary judgment, and only considered the plaintiff's cross-motion to the extent that it opposed the Transit defendants' motion. The court granted the Transit defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Mohammed v City of New York, 206 AD3d 988, 989). "Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency" (Welch v Suffolk Coach, Inc., 162 AD3d 1097, 1097-1098; see Caristo v Sanzone, 96 NY2d 172, 174). Here, in support of their motion, the Transit defendants submitted, inter alia, the deposition testimony of Valentine, which established, prima facie, that Fearon was negligent in cutting in front of the bus and making a right turn without signaling, leaving Valentine virtually no opportunity to avoid the collision (see Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905). In opposition, however, the plaintiff submitted, among other things, the deposition testimony of Fearon, which raised triable issues of fact as to whether her right turn indicator was activated and whether Valentine was comparatively at fault in causing the accident (see Bravo v Vargas, 113 AD3d 579, 581). Accordingly, the Supreme Court should have denied that branch of the Transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
With respect to the plaintiff's cross-motion, "[g]enerally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475). Thus, "successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Vinar v Litman, 110 AD3d 867, 869 [internal quotation marks omitted]; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475). Here, the plaintiff failed to demonstrate that his second motion for summary judgment was based on arguments which could not have been submitted on the original motion for summary judgment, and the Supreme Court properly denied his cross-motion.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court