Qureshi v Gleason (2024 NY Slip Op 04988)

Qureshi v Gleason

2024 NY Slip Op 04988

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-01173
 (Index No. 31457/20)

[*1]Yasmin Qureshi, appellant, 
v
Jacqueline Gleason, et al., respondents (and another title).

H. Bruce Fischer Esq. P.C., Tappan, NY, for appellant.
Craig P. Curcio, Middletown, NY (Robert T. Dore of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated January 4, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Jacqueline Gleason and Sondria Gleason which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Jacqueline Gleason and Sondria Gleason which was for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendants Jacqueline Gleason and Sondria Gleason (hereinafter together the Gleason defendants) to recover damages for personal injuries the plaintiff allegedly sustained when a vehicle operated by Jacqueline Gleason and owned by Sondria Gleason collided with the plaintiff's vehicle. Thereafter, the plaintiff's son, a passenger in the plaintiff's vehicle when the collision occurred, commenced a separate action against the plaintiff and the Gleason defendants to recover damages for personal injuries he alleged he sustained in that collision. The Supreme Court consolidated the actions. Thereafter, the Gleason defendants moved, inter alia, for summary judgment dismissing the complaint. Subsequently, the plaintiff's son agreed to discontinue so much of the action as was asserted by him. By order dated January 4, 2023, the court granted that branch of the Gleason defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Lopresti v Estate of Galante, 221 AD3d 798). Although the operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Stanford v Smart Pick, Inc., 134 AD3d 1096), the operator with the right-of-way also has an obligation to keep a proper lookout to see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Mehta v Keaveney, 216 AD3d 635, 635; Mark v New York City Tr. Auth., 150 AD3d 980, 981-982). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from [*2]the established facts" (Fox v Murgolo, 191 AD3d 765, 766 [internal quotation marks omitted]). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Boulos v Lerner-Harrington, 124 AD3d at 709).
Here, the plaintiff does not dispute that the Gleason defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. However, in opposition, the plaintiff raised a triable issue of fact as to whether Jacqueline Gleason was at fault in the happening of the collision (see Wilson v New York City Tr. Auth., 219 AD3d 1563, 1565). Contrary to the determination of the Supreme Court, the opinion of the plaintiff's expert in an affidavit that Jacqueline Gleason was negligent in the happening of the collision on the grounds that she failed to pay proper attention to the road conditions that existed just prior to the collision and that she failed to take proper care to avoid striking the plaintiff's vehicle was based on admissible evidence in the record, including the deposition testimony of the drivers.
Accordingly, the Supreme Court should have denied that branch of the Gleason defendants' motion which was for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court