Jonza-Sormilic v Levin (2025 NY Slip Op 50182(U))

[*1]

Jonza-Sormilic v Levin

2025 NY Slip Op 50182(U)

Decided on February 6, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-990 N C

June Jonza-Sormilic, Respondent,
against
Raz Levin, Appellant. 

Hagelin Spencer, LLC (Sean M. Spencer and Michael Mernin of counsel), for appellant.
June Jonza-Sormilic, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (David W. McAndrews, J.), entered November 2, 2022. The judgment, after a nonjury trial, awarded plaintiff the total sum of $5,000.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Plaintiff commenced this small claims action to recover $5,000 for damage to a brick pillar and a gate at the edge of her property, caused by a vehicle operated by defendant on February 1, 2022. At a nonjury trial, a Ring doorbell video of the accident was produced, showing defendant's vehicle traveling north on Rockaway Turnpike in the Village of Cedarhurst when it was struck in an intersection by a second vehicle making a left turn from Mott Avenue heading north onto Rockaway Turnpike, causing defendant's vehicle to crash into a brick pillar and gate at plaintiff's property. The evidence further showed that the second vehicle's direction of travel was controlled by a stop sign on Mott Avenue, while defendant's direction of travel had no stop sign or traffic signal. Also at the intersection was a truck facing north on Rockaway Turnpike waiting to make a left turn, from a turning lane, heading west onto Mott Avenue. The owner/operator of the second vehicle is not a party to this action. After the trial, the District [*2]Court found in favor of plaintiff and awarded judgment in the total sum of $5,000. Defendant appeals.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
"Pursuant to Vehicle and Traffic Law § 1142 (a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987 [2020]). "A violation of Vehicle and Traffic Law § 1142 (a) constitutes negligence as a matter of law" (Butt v Lockwood, 173 AD3d 962, 963 [2019]). Although the operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield, the operator with the right-of-way also has an obligation to use reasonable care to avoid an accident (see Qureshi v Gleason, 231 AD3d 878 [2024]; Mark v New York City Tr. Auth., 150 AD3d 980 [2017]; Blair v Coleman, 146 AD3d 743 [2017]). Insofar as the Ring video shows that the truck in the intersection making a left turn blocked defendant's view of the second vehicle, plaintiff failed to establish that defendant did not see what was there to be seen through the proper use of his senses (see Gonzalez v Gonzales, 212 AD3d 716 [2023]). Under the circumstances, we find that the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2025